MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 07 2013

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TIMOTHY ANDREW CASEY,<br><br>    Defendant. | Case No.: 13-CR-00138-RMP<br><br>Plea Agreement |

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney, for the Eastern District of Washington, and Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, and Defendant, TIMOTHY ANDREW CASEY, and the Defendant's counsel, Garth Dano, agree to the following Plea Agreement:

1.    **Guilty Plea and Maximum Statutory Penalties:**

The Defendant, TIMOTHY ANDREW CASEY, agrees to plead guilty, pursuant to Federal Criminal Procedure Rule 11(c)(1)(c), to Count 1 of the Indictment

PLEA AGREEMENT - 1
P31008jm.SLA.dotm

filed on September 4, 2013, charging the Defendant Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).

The Defendant, TIMOTHY ANDREW CASEY, understands that the charge contained in the Indictment is a Class C Felony. The Defendant, TIMOTHY ANDREW CASEY, also understands that the maximum statutory penalty for Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), is not less than 5 years nor more than 20 years imprisonment; a fine not to exceed $250,000; a term of supervised release of up to life; a Special Penalty Assessment of $100; and registration as a sex offender.

The Defendant, TIMOTHY ANDREW CASEY, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.      The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S.

PLEA AGREEMENT - 2
P31008jm.SLA.dotm

Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant and the United States agree to jointly recommend that the Defendant be sentenced to five years imprisonment, to be followed by 20 years supervised release, for receipt of child pornography. If the Court does not accept the plea or chooses to sentence the Defendant to a greater or lesser sentence than the United States and the Defendant have agreed upon, the Defendant and the United States may each withdraw from the plea and this agreement is null and void.

3. <u>Waiver of Constitutional Rights</u>:

The Defendant, TIMOTHY ANDREW CASEY, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.    The right to a jury trial;

    b.    The right to see, hear and question the witnesses;

    c.    The right to remain silent at trial;

    d.    The right to testify at trial; and

    e.    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

a. First, from on or about October 2005, through on or about November 7, 2012, within the Eastern District of Washington, the Defendant, TIMOTHY ANDREW CASEY, knowingly received material that contained images of child pornography, as charged;

b. Second, that the material had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer, or that the material was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer; and

c. Third, that at the time he received the material, the Defendant believed that such images constituted child pornography.

5. <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for TIMOTHY ANDREW CASEY 's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

The Department of Interior (DOI) operates a security center that routinely

PLEA AGREEMENT - 5
P31008jm.SLA.dotm

monitors the DOI electronic network traffic. On October 18, 2012, the security center discovered that a computer on the DOI network had visited several sites suspected of hosting child pornography, including www.jailbaitschan.org, marcia.tiny-jewels.com and www.preteenangels.net. Investigation revealed that the computer, identified by an IP Address 140.218.50.36, was registered to the U.S. Bureau of Reclamation (BOR). It was further determined that the computer was assigned to a BOR employee identified as Timothy A. Casey who worked at the BOR office in Ephrata, Washington.

The security center preserved the network traffic to and from Casey's computer. On October 18, 2012 alone, there were 361 attempts to access 66 different suspected child pornographic websites from Casey's computer. A review of the network traffic on Casey's computer determined that 100's of images depicting child pornography were viewed and downloaded, including, at least, twenty four "known images" of child pornography, as determined by the National Center for Missing and Exploited Children.

On December ~~22~~, 2012, Special Agents of the Office of Inspector General (OIG) executed a federal search warrant in Casey's Government office, located at 32 C Street NW, Ephrata, WA and the computer assigned to Casey was seized.

On January 2, 2013, a second federal search warrant was executed on Casey's person, vehicle and residence at First Avenue NE, Soap Lake, WA. A number of

PLEA AGREEMENT - 6
P31008jm.SLA.dotm

items of digital media were seized, including three (3) removable SanDisk Cruzer USB storage device's (S/N: 48598213E00323EF, S/N: 20060572721DC9A31A41 and S/N: 20043513420F4F7016E2).

On January 2, 2013, Timothy Casey arrived at the Ephrata Office of the BOR as part of his regular work day. Casey was provided an advice of rights by DOI-OIG Special Agents. Casey acknowledged that he understood his rights and agreed to waive those rights. Casey was asked about his having downloaded and viewed child pornography on his BOR computer.

Casey stated he had worked as part of the survey review team in the Ephrata Field Office since April 2001. He believed his current desktop had been assigned to him for about 4 or 5 years. His stated coworkers did not use his computer often and would use their own log-in information when they did. He did not share his passwords. He indicated, "No one logs in as me."

Casey subsequently admitted to viewing and downloading child pornography using his office computer. Casey stated he would search for child pornography images at work on his office computer and download the images onto a thumb drive, he would then take the thumb drive home and insert it into a digital photo frame to view the child pornography images at home. He also had learned how to delete the history from his computer, which he would do. He explained he knew that it was wrong to view and download the child pornographic images and that he had tried to

PLEA AGREEMENT - 7
P31008jm.SLA.dotm

stop on several occasions, but an interest in the images themselves and a curiosity about if the websites were blocked kept him finding and downloading images. Part of the reason for his actions was the belief that "they" had not caught him yet. Casey said he did not generate any child pornographic images nor did he share any of the images that he downloaded. He said his activity was limited to viewing and downloading child pornographic images. Casey confirmed that he used his government computer to access pornographic sites for the last 5 years.

A Digital Forensic Exam was conducted of the digital media seized in this case. Approximately 2,800 pictures and videos depicting sexually explicit conduct by minor children were extracted from captured network traffic, the desktop computer assigned to Casey, and three (3) USB removable storage devices seized from Casey's residence. The child pornography images, as defined by 18 U.S.C. § 2256(2), included images of children under the age of 12 and of sadistic and masochist conduct. The exam indicated that as early as October 12, 2005 and as recent as November 7, 2013 [handwritten: 2 see g.o. T.C.], Casey downloaded/received images of child pornography from the internet, via his work computer, and stored them on his USB Device's that were found in his residence beside the bed.

PLEA AGREEMENT - 8
P31008jm.SLA.dotm

6.     <u>The United States Agrees to Dismiss</u>:

At the time of sentencing, the United States agrees to move to dismiss Count 2 of the Indictment, which charges the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

7.     <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a.     <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Receipt of Child Pornography is 22. <u>See</u> U.S.S.G. §2G2.2(a)(2).

b.     <u>Specific Offense Characteristics</u>:

The United States and the Defendant also agree and stipulate that the base offense is decreased by an additional two (2) levels because Defendant's conduct did not involve distribution. <u>See</u> U.S.S.G. §2G2.2(b)(1).

The United States and the Defendant also agree and stipulate that the base offense is decreased by an additional two (2) levels because the Defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation

PLEA AGREEMENT - 9
P31008jm.SLA.dotm

of a minor, and the Defendant did not intend to traffic in or distribute, such material. See U.S.S.G. §2G2.2(b)(1).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the material involved children who had not attained the age of 12. See U.S.S.G. §2G2.2(b)(2).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional four (4) levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. See U.S.S.G. §2G2.2(b)(4).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the use of a computer for receipt, or for accessing with intent to view the material. See U.S.S.G. §2G2.2(b)(6).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional five (5) levels because the offense involved over 600 images of child pornography. See U.S.S.G. §2G2.2(b)(7).

   c. <u>Acceptance of Responsibility:</u>

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit

any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than November 7, 2013, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 28.

d.  Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative

PLEA AGREEMENT - 11
P31008jm.SLA.dotm

Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

8. <u>Jointly Recommended Term of Imprisonment</u>:

The United States and the Defendant agree that this plea agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to jointly recommend Defendant be sentenced to 5 years imprisonment and 20 years supervised release for receipt of child pornography. In addition, the parties agree that after the entry of a guilty plea, to recommend that the Defendant be continued on the release conditions previously imposed by the court.

9. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

10. <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a 20 year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

    a. that the Defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the

PLEA AGREEMENT - 12
P31008jm.SLA.dotm

Probation Officer, this includes prohibiting the Defendant from having any contact with any child by telephone or the internet. The Defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

b. that the Defendant allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The Defendant shall not possess or use any data encryption technique or program. The Defendant shall purchase and use such hardware and software systems that monitor the Defendant's computer usage, if directed by the Probation Officer;

c. that the Defendant shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades;

d. that the Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including

videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). The Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, message parlors, escort services, and strip bars. The Defendant shall not use any sex-related adult telephone number. The Defendant shall provide all his/her telephone records to monitor compliance, at the direction of the Probation Officer;

e. that the Defendant register as a sex offender, according to the laws of each state in which the Defendant resides, is employed, or is attending school. The Defendant shall provide verification of compliance with this requirement to the Probation Officer;

f. that the Defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, plethysmography testing, and completion of the ABEL assessment, at the direction of the Probation Officer;

g. that the Defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the

PLEA AGREEMENT - 14
P31008jm.SLA.dotm

program. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability.

11. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

12. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

13. <u>Forfeiture</u>:

The Defendant, TIMOTHY ANDREW CASEY, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets identified in the Notice of Criminal Forfeiture Allegations contained in the Indictment, to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of such assets, including, but not limited to the following:

PLEA AGREEMENT - 15
P31008jm.SLA.dotm

Three (3) removable SanDisk Cruzer USB storage device's Serial Numbers:
48598213E00323EF;
20060572721DC9A31A41; and,
20043513420F4F7016E2,

seized from Defendant's residence on January 2, 2013, pursuant to a federal search warrant.

The Defendant stipulates that he is the sole owner of the assets identified in the Indictment and that no one else has an interest in the assets.

The Defendant acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of the Receipt of Child Pornography charge alleged in the Indictment to which Defendant is pleading guilty. The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

PLEA AGREEMENT - 16
P31008jm.SLA.dotm

14. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15. <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his/her right to appeal his/her conviction and the sentence the Court imposes, including any restitution order. Defendant further expressly waives his/her right to file any post-conviction motion attacking his/her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

16. <u>Hyde Amendment Waiver</u>:

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

PLEA AGREEMENT - 17
P31008jm.SLA.dotm

17. <u>Notice of Sex Offender Registration</u>:

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he/she must update his/her registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington,

PLEA AGREEMENT - 18
P31008jm.SLA.dotm

and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORMSBY
United States Attorney

_____  11/7/13
Stephanie J. Lister              Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____  11/7/2013
TIMOTHY ANDREW CASEY             Date
Defendant

PLEA AGREEMENT - 19
P31008jm.SLA.dotm

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____      11/7/13
Garth Dano                                           Date
Attorney for the Defendant

PLEA AGREEMENT - 20
P31008jm.SLA.dotm